UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

RONALD C THOMAS, JR.,

                  Plaintiff,

       v.

THE BURMAX COMPANY, INC.,

                  Defendant.
_____X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 15 2013 ★

LONG ISLAND OFFICE

Case No; 2:12-cv-06363
(JFB) (ARL)

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Ronald C Thomas, Jr. *Pro se*
Plaintiff
PO Box 1323, Westhampton Beach, NY 11978
631-766-6338
ronald@ronaldthomasjr.com

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT**……………………………………………...1

**STATEMENT OF FACTS**…………………………………………………...1

**ARGUMENT**………………………………………………………………...2

**CONCLUSION**…………………………………………………...……..5

## I.     **PRELIMINARY STATEMENT**

I, Ronald Thomas, Jr. ("The Plaintiff), move to oppose The Burmax Company's ("BC")

motion to dismiss my Amended Complaint on the grounds that my Americans with

Disabilities Act ("ADA") federal claims are untimely. [1]

My federal claims, however, should be able to stand due to my being reasonably

diligent in bringing my claim to the attention of the proper authorities and my experiencing

extraordinary circumstances during the time that I should have been acquiring the

necessary help to bring this case properly before this Court.

Because of this, my Amended Complaint should not be dismissed with prejudice and

this case should proceed into the discovery phase.

## II.    **STATEMENT OF FACTS**

I was employed by the Burmax Company ("BC") in July 2006 as its Information

Technology Manager.  My responsibilities included the support of the headquarters' staff

and the help desk and implementing several new hardware and software systems.

Due to my work environment, I started to see a doctor in the summer of 2007. **(See**

**Exh. 1)**.  I continued to see Dr. Wahba periodically through the summer of 2007 and

beyond.  My stress was directly related to my work environment provided by BC.  Their

actions and non-actions had a negative effect on not only my professional relationship with

them but also my personal well-being.

---

[1] I concede that I elected to go forward with the New York State Human Rights Law ("NYSHRL") and therefore will not argue for the continuance of those claims in the memorandum.  On November 4, 2011 and on November 14, 2011 I was advised that my NYSDHR fact-finding conference scheduled for November 15, 2011 was to be rescheduled.  The NYSDHR failed to follow through in rescheduling my fact-finding conference; therefore, proceeding without pertinent facts in making appropriate determination.

I was an extremely hard worker at BC.  Over the course of my employment I clocked in over seven hundred hours (700) of unpaid overtime hours which justified my ongoing request for assistance.

After my termination, I learned that I endured two herniated discs as a result of my July 15, 2008 work related injury. During this time I was under continuous medical care. I visited with a physical therapist one hundred and sixteen times (116) due to the injury suffered while working for BC through June 24, 2009 when the Defendant says that my Complaint should have been filed by. During this time I did not have time to think about my employment situation at BC.

It was not until May 2009 that I found counsel to represent me for my discrimination claim against BC.  My Psychologist, Dr. Bush on January 22, 2009 described my emotional state as "post-traumatic in nature related to his most recent work situation".  The Psychologist continued to explain that my emotional symptoms "are having a significant negative impact on his life and are reducing his quality of life." **(See Exh. 2)**.

On June 16, 2009, I had my discrimination complaint notarized and in the mail to my then counsel. **(See Exh. 3**). I received a Right to Sue Letter on September 25, 2012. During the preceding the issuance of the Right to Sue Letter, BC engaged directly through counsel my complaint of discrimination.  I timely filed this lawsuit with this Court on December 26, 2012.

## III.   **ARGUMENT**

**A.**

Equity should grant me access to this Court to address my grievance against BC. "When determining whether equitable tolling is applicable, a district court must consider whether

2

the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has 'proved that the circumstances are so extraordinary that the doctrine should apply.'" <u>Zerilli–Edelglass v. N.Y. City Transit Auth.</u>, 333 F.3d 74, 80–81 (2d Cir.2003) (quoting <u>Chapman v. ChoiceCare Long Island Term Disability Plan</u>, 288 F.3d 506, 512 (2d Cir.2002)); As to prong one, despite a debilitating injury suffered at my former employer's site, I still managed to complete my charge of discrimination in a timely manner. During the time period before the filing I was without counsel on this issue and was in and out of therapy one hundred and sixteen times (116). I only received counsel's help starting in May 2009 and that was only for the complaint filed under the NYSHRL. BC's claim that I had a lawyer is true to an extent but I did not have a lawyer that counseled me on the proper procedure for filing with the ADA. As a layperson I believe this Court has allowed for a more lenient reading of filing deadlines and procedures. <u>Butts v. City of New York Dept. of Housing Preservation and Development,</u> 990 F.2d 1397, (2d Cir. 1993).

As for prong two, I had the misfortune of being in a debilitating state for nearly four months during the time that my claim should have been properly handled. I was battling BC for unemployment, workers compensation, and several of my attorneys resigned because BC said I made anti-Semitic comments. I did not. I told my former human resources manager that she was a "shrew" because of the mistreatment. But for this blatant lie by BC, I would have been able to retain a proper attorney and my deadline would not be missed. My attorney at the time was Jewish. He said he could no longer represent me because he now had a "conflict of interest." **See Affidavit at ¶ 58-60).** This is not a case where the defendant's affirmative action caused me to not act but what they did was take

3

away any chance I had to litigate my claims. In a sense I was unable to act. <u>Baldwin</u> <u>County Welcome Center v. Brown</u>, 466 U.S. 147 (1984) (citing <u>Villasenor v. Lockheed</u> <u>Aircraft, Corp.</u>, 640 F.2d 207 (9th Cir. 1981).

Considering the amount of stress and pain that I was under **(See Exh. 2)** I believe I did all that I could do to file the claim properly. <u>South v. Saab Cars USA, Inc.</u>, 28 F.3d 9, 12 (2d Cir.1994) (quoting <u>Carlile v. South Routt School Dist. RE 3-J</u>, 652 F.2d 981 (10th Cir 1981) (Plaintiff waited 141 days to serve her complaint). According to the Defendant, my charge of discrimination was only five (5) days late. <u>See also Smith v. Chase Manhattan</u> <u>Bank</u>, No. 97 Civ. 4507(LMM), 1998 U.S. Dist. LEXIS 14711, at *10, 1998 WL 642930 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Lastly, BC has known about this investigation into their employment practices for nearly four (4) years. Claims one, three, and five from my Complaint even when taking into consideration the five (5) extra days are all within 300 days of August 22, 2008 and would not be time-barred. The discrimination in Count One would have had its last day on July 25, 2008. Count Three would be the same and so would Count Five.

This timeliness issue could have been raised at any point by their counsel. I believe it is unfair that at this late hour they would say that my complaint is untimely. <u>See Francis</u> <u>v. City of New York</u>, 235 F.3d 763 (2d Cir. 2000) (Defendants' long delay in attacking the sufficiency of Plaintiff's administrative exhaustion clearly constitutes a waiver of the exhaustion requirement, if that requirement is waivable.). It is waivable. <u>See Zipes v.</u> <u>TransWorld Airlines, Inc.</u>, 455 U.S. 385 (1982). I was told by an EEOC employee that the court may allow my claim to proceed since BC went through the entire investigation for so

4

long without raising the timeliness issue. **See Affidavit at ¶ 72** It should also be duly noted that the EEOC did not see fit to dismiss my claims for timeliness as they did in Rodriguez v. New York City Dep't of Transportation (EDNY 2012).

**B.**

Lastly, I did not file my Amended Complaint in response to BC's motion to dismiss. I was without legal counsel and I did the best I could do with the time I had. I only amended because I recognized that there were more facts that may be helpful to my claim. After reading the rules I felt that I was within my right to amend since BC did not file an answer or serve me with a motion. See Fed. R. of Civ. Proc. 15.

## IV.    CONCLUSION

BC will have an attempt to properly dismiss this case at summary judgment. They have waited over three years to make this claim and I believe that equity should prevail and I should be able to litigate this case.

5