# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 12-CV-6363 (JFB) (ARL)

RONALD C. THOMAS, JR.,

Plaintiff,

VERSUS

THE BURMAX COMPANY, INC.,

Defendant.

**MEMORANDUM AND ORDER**
December 18, 2013

JOSEPH F. BIANCO, District Judge:

Ronald C. Thomas, Jr. ("Thomas" or "plaintiff"), proceeding *pro se*, filed this action against The Burmax Company, Inc. ("Burmax" or "defendant") on December 26, 2012. On March 12, 2013, plaintiff filed an amended complaint alleging that defendant violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117, and the New York State Human Rights Law § 290 *et seq.* ("NYSHRL"). Specifically, plaintiff alleges that defendant discriminated against him by failing to accommodate his disabilities, and by terminating him because of his disabilities and in retaliation for having requested an accommodation.

Defendant moves to dismiss the complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the following grounds: (1) plaintiff's ADA claims are untimely; and (2) the Court does not have subject matter jurisdiction over plaintiff's NYSHRL claims because plaintiff elected to bring these claims before the New York State Division of Human Rights ("NYSDHR").[1]

For the reasons discussed below, defendant's motion to dismiss is granted. In

---

[1] In his memorandum opposing defendant's motion to dismiss, plaintiff concedes that he elected to bring his NYSHRL claims before the NYSDHR, and thus does not dispute the dismissal of these claims. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 1 n.1.) *See, e.g.*, *Johnson v. Cnty. of Nassau*, 411 F. Supp. 2d 171, 184 (E.D.N.Y. 2006) ("[O]nce a complainant elects the administrative forum by filing a complaint with the NYSDHR, a subsequent judicial action on the same complaint is generally barred . . . ."). As plaintiff has abandoned his NYSHRL claims, the Court dismisses these claims. *See, e.g.*, *Cox v. N. Shore Univ. Hosp.*, No. 06-CV-0826 (JFB)(ETB), 2006 WL 1720388, at *1 (E.D.N.Y. June 19, 2006) (dismissing claim as abandoned where plaintiff did not oppose defendant's motion to dismiss the claim and conceded that he was abandoning it).

1

particular, as plaintiff concedes, plaintiff failed to file a timely charge of discrimination within 300 days of his termination. Although plaintiff argues that he is entitled to equitable tolling, the Court disagrees. Plaintiff has failed to demonstrate that his alleged mental and physical impairments were such that they prevented him from timely filing his agency complaint. In fact, plaintiff's own allegations make clear that he was able to function in society, as well as comprehend and exercise his legal rights during that 300-day period because, following his termination, he challenged the denial of his unemployment insurance benefits, pursued a workers' compensation claim, and sought Social Security Disability Insurance benefits. Moreover, the initial psychological report from January 2009 indicates that plaintiff drove to the appointment himself, arrived on time, and was alert and oriented, with no evidence of hallucinations or delusions. Finally, plaintiff was represented by counsel at the time he dually filed his complaint with the Equal Employment Opportunity Commission ("EEOC") and NYSDHR, and had counsel during the 300-day period. Thus, the Court concludes that there is no basis for equitable tolling, and the remaining claims (under the ADA) must be dismissed as time-barred under Rule 12(b)(6).

I. BACKGROUND

A. Facts

The following facts are taken from the amended complaint filed on March 12, 2013 ("Am. Compl."), and are not findings of fact by the Court. Instead, the Court will assume the facts in the amended complaint to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

Plaintiff worked for Burmax as its information technology ("IT") manager from July 2006 until August 22, 2008. (Am. Compl. ¶¶ 3, 11.) During his tenure at Burmax, plaintiff was overworked, and his intense workload caused him to suffer severe stress and anxiety. (*See, e.g.*, *id.* ¶¶ 41, 43, 47, 60, 76–77, 83–84, 86–89.) By the spring of 2008, plaintiff told Burmax's controller that he had been seeing a psychiatrist for work-related stress and requested that Burmax add another employee to help him with his work. (*Id.* ¶¶ 101–06.) Burmax refused. (*Id.* ¶ 107.)

According to plaintiff, the situation worsened in June 2008 after plaintiff assisted with the installation of a new phone system at Burmax. (*See id.* ¶¶ 111–42.) Through no fault of plaintiff's, and despite his best efforts, a software glitch in the new phone software caused the loss of approximately fifteen to twenty minutes worth of phone calls. (*Id.* ¶¶ 116–17, 127–37, 139.) For Burmax's president, this incident was the "straw that broke the camel's back"; he determined that plaintiff was "unable to handle the job" and decided to fire plaintiff. (*Id.* ¶ 142, 151.) Burmax's human resources manager began searching for plaintiff's replacement by the end of June 2008. (*Id.* ¶ 183.)

Plaintiff was still working at Burmax on July 15, 2008, when Burmax's president ordered him to install a "printer/scanner/fax" machine. (*Id.* ¶ 172.) When plaintiff attempted to lift the printer, he suffered two herniated discs in his back. (*Id.* ¶¶ 172, 175.) Thereafter, plaintiff spent several weeks away from work to recover from his back injury. (*See id.* ¶¶ 180, 207–08.) While at home on August 22, 2008, plaintiff received a call from Burmax's human resources manager, who informed him that Burmax was terminating his employment. (*Id.* ¶¶ 211–14.) On August 25, plaintiff received written confirmation that Burmax was firing him for insubordination. (*Id.* ¶ 215.)

2

Following his termination, plaintiff alleges numerous mental and physical injuries, such as back pain, an inability to concentrate or to handle multiple stimuli, obsession over his traumatic tenure at Burmax, frequent panic attacks, depression, and hopelessness. (*Id.* ¶ 320.) According to documents submitted by plaintiff, plaintiff was diagnosed with "Generalized Anxiety Disorder. NOS and Major Depression Sever[e]" after consulting with a psychiatrist on April 13, 2009. (Decl. of Ronald C. Thomas, Jr. ("Thomas Decl.") Ex. 1, Letter from Sameh Wahba, MD, May 7, 2009.)[2] Similarly, a psychologist determined that plaintiff was "experiencing an emotional adjustment disorder" related to his back injury, along with "symptoms that seem to be post-traumatic in nature related to his most recent work situation." (Thomas Decl. Ex. 2, Neuropsychological Consultation, Ronald Thomas, at 3.)

On June 24, 2009, plaintiff, represented by counsel, filed complaints with the NYSDHR and the EEOC. (Compl. Ex. A, Compl., *Thomas v. The Burmax Co., Inc.*, No. 10134824 (N.Y. Div. of Human Rights June 24, 2009).) Determining there was "no probable cause" to believe that Burmax engaged in the alleged discriminatory practices, the NYSDHR dismissed the complaint. (Am. Compl. ¶ 311; Decl. of Angel R. Sevilla Ex. A, Determination & Order After Investigation, *Thomas v. The Burmax Co., Inc.*, No. 10134824 (N.Y. Div. of Human Rights Apr. 30, 2012).)[3] The EEOC adopted the findings of the NYSDHR and issued to plaintiff a Notice of Right to Sue on September 25, 2012. (Am. Compl. ¶ 9; Compl. Ex. A.)

B. Procedural History

Plaintiff filed the complaint in this action on December 26, 2012 and the amended complaint on March 12, 2013. Defendant filed a motion to dismiss on April 15, 2013. Plaintiff filed his opposition to the motion to dismiss on May 15, 2013. Defendant filed a reply to plaintiff's opposition on May 29, 2013. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[2] Plaintiff submitted medical documents in connection with his memorandum opposing defendant's motion to dismiss. The Court considers these documents as integral to the allegations in plaintiff's complaint, as they detail plaintiff's alleged injuries. Defendant has not objected to the Court's consideration of these documents, and, in fact, argues that these documents support its position.

[3] "The Court . . . takes judicial notice of the filings and records for the proceedings before the [NYSDHR], which defendant attached to its moving papers." *Macer v. Bertucci's Corp.*, No. 13-CV-2994 (JFB)(ARL), 2013 WL 6235607, at *1 (E.D.N.Y. Dec. 3, 2013).

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (court can consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. DISCUSSION

Plaintiff has asserted that defendant discriminated against him in violation of the anti-discrimination and anti-retaliation provisions of the ADA. Defendant argues that these claims are time-barred because plaintiff did not file a timely charge of discrimination with the EEOC. Plaintiff concedes that his charge of discrimination was not timely filed; however, he urges this Court to apply equitable tolling. The Court concludes that there is no basis for equitable tolling in this case, and the claims must be dismissed as time-barred.

A. Applicable Law

Under 42 U.S.C. § 2000e-5, which is incorporated by reference into the ADA by 42 U.S.C. § 12117(a), a plaintiff in New York has 300 days from the date of accrual to file an ADA charge with the EEOC. *See Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir. 1999). A claim under the ADA accrues when the plaintiff "knew or had reason to know of the injury serving as the basis for his claim." *Id.* at 247.

"The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). "Tolling of the time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time." *Williams v. Potter*, No. 06 Civ. 8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). "When determining whether equitable tolling is applicable, a

district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80–81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184–85 (2d Cir. 2000).

Only in a limited number of cases do extraordinary circumstances exist such that equitable tolling is warranted. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). Such cases include those where a plaintiff's mental or physical disability prevented him from handling his legal affairs. *See, e.g.*, *Tsai v. Rockefeller Univ.*, 137 F. Supp. 2d 276, 281–83 (S.D.N.Y. 2001); *accord Canales v. Sullivan*, 936 F.2d 755, 756 (2d Cir. 1991) ("[M]ental impairment may warrant equitable tolling of the statute of limitations under some circumstances."). However, "few medical difficulties actually qualify for equitable tolling." *Kantor-Hopkins v. Cyberzone Health Club*, No. 06-CV-643 (DLI)(LB), 2007 WL 2687665, at *6 (E.D.N.Y. Sept. 10, 2007); *see, e.g.*, *Ferrer v. Potter*, No. 03 Civ. 9113 (AJP), 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding that death of plaintiff's father was insufficient reason for equitable tolling); *Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) (holding union representative's "wife's terminal illness" not sufficiently "extraordinary" circumstance to justify equitable tolling); *Chalom v. Perkins*, No. 97 Civ. 9505 (LAP), 1998 WL 851610, at *6 (S.D.N.Y. Dec. 9, 1998) ("Even if [plaintiff] did offer proof of the mental grief she alludes to, it would not reach the high standard that this circuit has applied."); *Pauling v. Sec'y of Dep't of Interior*, 960 F. Supp. 793, 804 n.6 (S.D.N.Y. 1997) (Plaintiff's claim that he was suffering from a "major depressive episode" did not excuse his failure to exhaust administrative remedies when the medical evidence "indicat[ed] only that he was too ill to work, not that he was too ill to comprehend his rights and to file a complaint."); *Decrosta v. Runyon*, Nos. 90-CV-1269, 90-CV-585, 1993 WL 117583, at *3 (N.D.N.Y. Apr. 14, 1993) (holding that equitable tolling was not warranted, despite doctor's statement that the plaintiff was "suffering from a major depressive disorder that was more serious than a neurosis and his overall ability to function in society was severely limited," when other testimony from doctors demonstrated that plaintiff could care for himself, comprehend problems with his employment, and had retained an attorney regarding his legal remedies).

B. Application

It is clear, as plaintiff concedes, that he failed to file a timely charge of discrimination with the EEOC. Plaintiff filed a discrimination claim with the NYSDHR and EEOC on June 24, 2009. Therefore, any claim for alleged discriminatory acts that took place prior to August 28, 2008—which is 300 days prior to the filing of the charge of discrimination with the NYSDHR and EEOC—is untimely. Plaintiff was terminated by Burmax over the telephone on August 22, 2008, and received his written notice of termination on August 25, 2008. (Am. Compl. ¶¶ 211–15.) Thus, plaintiff's ADA claims are untimely.

Although conceding he did not timely file a charge of discrimination with the EEOC,

plaintiff argues for equitable tolling. Plaintiff acknowledges that "[t]his is not a case where the defendant's affirmative action caused me to not act." (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 3.) Moreover, plaintiff does not assert that he did not know that he had to file within 300 days of the termination.[4] Instead, plaintiff contends that equitable tolling is warranted because he "had the misfortune of being in a debilitating state for nearly four months during the time that [his] claim should have been properly handled." (*Id.*) As to plaintiff's mental state, plaintiff alleges that he suffered from depression and post-traumatic stress disorder, could not care for himself, and struggled "each day to just get by" since his termination. (Am. Compl. ¶ 320.) A psychologist has explained that plaintiff was "experiencing an emotional adjustment disorder" and "symptoms . . . post-traumatic in nature" after his termination. (Thomas Decl. Ex. 2, Neuropsychological Consultation, Ronald Thomas, at 3). Related to his physical condition, plaintiff asserts that, from the date of his back injury until June 24, 2009, he visited a physical therapist 116 times in order to treat his herniated discs. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 2.) Finally, plaintiff argues that equitable tolling should apply because he experienced difficulties pursuing workers' compensation, obtaining Social Security disability, and securing legal counsel—although ultimately he did so—within the 300 days following his termination. (*Id.* at 3.)

Accepting all of these factual allegations as true, the Court cannot conclude that plaintiff's circumstances following his termination were so extraordinary that they warrant equitable tolling. Simply put, plaintiff has failed to show how his mental and physical disabilities actually prevented him from filing a timely charge of discrimination with the EEOC. *See Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97 Civ. 5750 (SS), 1998 WL 142326, at *4, 6 (S.D.N.Y. Mar. 27, 1998) ("[P]laintiff's post-termination depression [was] not sufficient to warrant" equitable tolling, where plaintiff did not show how his depression "so affected [him] that he was unable to take care of his legal affairs."); *see also Kantor-Hopkins*, 2007 WL 2687665, at *7 ("Whether equitable tolling should be applied is not a question of the illness' severity and it is not a question of hospitalization"; rather, the issue is "whether a party can show that the illness was so extraordinary that it functioned as a complete bar to the procedural steps required to file suit in a timely fashion throughout the entire period in question."). In fact, plaintiff's own allegations demonstrate that he was able to function in society and comprehend his legal rights. For example, plaintiff asserts that he sought workers' compensation and disability benefits in the months following his termination. *See Hedgepeth v. Runyon*, No. 96 Civ. 1161 (SAS), 1997 WL 759438, at *5 (S.D.N.Y. Dec. 10, 1997) ("[T]he fact that Plaintiff sought disability retirement benefits in the intervening months between the date of discharge and the date of EEO notification belies any notion that Plaintiff

---

[4] In fact, defendant argues that "[p]laintiff clearly knew of the need to timely file with the EEOC, as he had timely filed a similar charge of disability discrimination against a prior employer, and subsequently commenced a federal action, *pro se*." (Def.'s Reply Mem. in Supp. of Mot. to Dismiss 6.) Defendant attaches as an exhibit to its motion papers a complaint from a prior ADA lawsuit filed by plaintiff. The Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citations omitted). In any event, even without consideration of this exhibit, the claims must be dismissed for the reasons discussed herein.

was sufficiently incapacitated to warrant tolling."); *Pauling*, 960 F. Supp. at 804 n.6 (holding that equitable tolling did not apply where plaintiff pursued a claim for workers' compensation during the relevant time period but failed to initiate contact with the EEOC). Moreover, plaintiff's neuropsychological consultation shows, *inter alia*, that (1) he "drove to the appointment by himself and arrived on time"; (2) "[h]is receptive language and speech were normal for the interview"; (3) "[h]e was alert and oriented"; and (4) "[t]here was no evidence or report of hallucinations or delusions." (Thomas Decl. Ex. 2, Neuropsychological Consultation, Ronald Thomas, at 2). *See Predun v. Shoreham-Wading River Sch. Dist.*, 489 F. Supp. 2d 223, 229–30 (E.D.N.Y. 2007) (Plaintiff's epilepsy "in no way interfered with the carrying out of his obligations and his knowledge of all circumstances surrounding his daily life and employment" where he "was able to visit his psychologist and his neurologist when necessary."). Finally, plaintiff was represented by legal counsel during the limitations period.[5] *See Gemmill v. Westchester Jewish Ctr.*, No. 11 CV 4821 (VB), 2012 WL 1871590, at *3 (S.D.N.Y. Apr. 30, 2012) ("The law in the Second Circuit is clear that if an individual is represented by counsel at any time during the period in which the statute of limitations runs, there can be no equitable tolling." (citing *Keyse v. Cal. Tex. Oil Corp.*, 590 F.2d 45, 47 (2d Cir. 1978))). All of these facts make clear that plaintiff was able to function well enough to pursue his legal rights in the 300 days following his termination, and that he did not act with reasonable diligence in filing a timely claim. Thus, equitable tolling is unwarranted in this particular case.

To the extent that plaintiff is also attempting to argue that his delay in filing should be excused because it is only a few days beyond the limitations period, this Court has previously noted that "the standard is not whether the delay is *de minimus*, but rather whether plaintiff acted with reasonable diligence and [has] proven that his circumstances were so extraordinary that equitable tolling should apply." *O'Leary v. Town of Huntington*, No. 11-CV-3754 (JFB)(GRB), 2012 WL 3842567, at *6 (E.D.N.Y. Sept. 5, 2012). As the Supreme Court has explained, "[f]iling deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985); *see Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2d Cir. 1999) ("[S]tatutes of limitations are not to be disregarded by courts out of a vague sympathy for particular litigants. Indeed, strict adherence to limitation periods is the best guarantee of evenhanded administration of the law." (internal quotation marks and citations omitted)); *accord Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 (5th Cir. 2002) (rejecting argument that equitable tolling should apply because petitioner missed deadline by only four days); *Maes v. Chavez*, No. 2:12-cv-1634-KJM-DAD P, 2013 WL 930604, at *5 (E.D. Cal. Mar. 8, 2013) ("[T]he fact that petitioner's pending federal

---

[5] Although plaintiff contends that equitable tolling should apply because he "did not have a lawyer that counseled [him] on the proper procedure for filing with the ADA" (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 3), any purported attorney error or incompetence is not sufficient to warrant equitable tolling. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001); *see also Cajuste v. Lechworth Developmental Disabilities Serv.*, No. 03 Civ. 0161 (RCC), 2005 WL 22863, at *2 (S.D.N.Y. Jan. 5, 2005) (no equitable tolling where counsel miscalculated the time of filing the EEOC complaint by one day).

habeas petition was presented for mailing a mere five days after the one-year statute of limitations had expired, does not by itself provide grounds for equitable tolling.") (collecting cases).

Finally, plaintiff also suggests that defendant has waived the untimeliness argument because it failed to raise it sooner. The Court disagrees. Defendant raised this issue at the earliest possible juncture in this lawsuit, *i.e.*, in a pre-answer motion to dismiss. To the extent plaintiff is attempting to argue that defendant should have raised this issue before the NYSDHR, that argument has no merit because the state law claims were timely. In any event, a failure to raise a timeliness argument at the agency level does not constitute waiver. *See, e.g.*, *Liles v. N.Y.C. Dep't of Educ.*, 516 F. Supp. 2d 297, 314 n.19 (S.D.N.Y. 2007).

In sum, plaintiff has not demonstrated that equitable tolling applies. Accordingly, his ADA claims are dismissed as untimely.

### IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to re-plead his amended complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead his ADA claims. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra,* it is clear from the amended complaint that plaintiff does not have any possibility of asserting plausible federal claims because dismissal is not based upon pleading deficiencies, but rather legal doctrines (untimeliness under the ADA) that cannot be remedied by any amendments.

Where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

### V. CONCLUSION

For the reasons set forth herein, the Court grants defendant's motion to dismiss in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 18, 2013
Central Islip, NY

\* \* \*

Plaintiff proceeds *pro se*. Defendant is represented by Ellen Storch and Angel R. Sevilla, Kaufman Dolowich Voluck & Gonzo LLP, 135 Crossways Park Drive, Suite 201, Woodbury, NY 11797.